UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA L. SMYTH,

    Plaintiff,

v.

MERCHANTS CREDIT CORPORATION, a Washington corporation, and DAVID and SOFIA QUIGLEY,

    Defendants.

Case No. C11-1879RSL

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS

This matter comes before the Court on Defendants' 12(b)(6) Motion to Dismiss. Dkt. # 10. Defendants David and Sofia Quigley, the president and vice-president of Defendant Merchants Credit Corporation, contend that they cannot be individually liable under the Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the acts of the corporation or its employees unless Plaintiff shows that they were "'personally involved' in the collection of the debt at issue" or that the corporate form should be set aside. Alternatively, they argue that regardless of the standard the Court applies, Plaintiff has failed to allege sufficient facts to state a plausible claim. The Court disagrees and DENIES the motion.[1]

---

[1] The Court likewise DENIES as moot Defendants' motion to strike large portions of Plaintiff's Response. Reply (Dkt. # 15) at 2–3. The Court has disregarded each of the factual allegations set forth in the complained-of paragraphs of Plaintiff's Response that are not supported by the Complaint or any declarations. The Court has also disregarded those portions that are plainly irrelevant to the present motion.

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 1

# I. BACKGROUND

The present dispute concerns Plaintiff's allegations that Defendants' employees hounded her by phone and mail for roughly six months over a medical bill she did not in fact owe. See generally Complaint (Dkt. # 1). To resolve Defendants' motion, the Court first describes current pleading standards. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It then recounts Plaintiff's factual allegations before moving on to discuss the merits of the motion.

## A. Controlling Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 570). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. If "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). Rather, a plaintiff must plead sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## B. Plaintiff's Factual Allegations

Defendant Merchants is a collection agency licensed to do business in the state of Washington. Complaint (Dkt. # 1) at ¶ 16. Defendant David Quigley is the president of Defendant Merchants, and Defendant Sofia Quigley is its vice-president. Id. at ¶¶ 20–21. Defendant Merchants acts under each of their control. Id. at ¶¶ 22–23.

Plaintiff Donna Smyth received medical treatment at some point at St. Joseph Hospital in Bellingham, Washington. Id. at ¶ 24. She had insurance that paid for her

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 2

treatment in full. Id. Nevertheless, the hospital sent the bill to Merchants for collection. Id. at ¶ 25. In August 2010, Merchants started trying to collect. Id. at ¶ 29. Its representatives, employees, and agents began calling and writing Plaintiff.[2] Id.

They continued to call her at home and work—even after Plaintiff told them that her insurance had paid the bill in full and even after she told them not to call her at work. Id. at ¶¶ 30, 44–46. Worse, when they called, they were rude.[3] Id. at ¶ 48. They vilified, belittled, threatened, embarrassed, humiliated, and overwhelmed her. Id. at ¶¶ 48–49. And the calls and letters continued until January 2011 when the hospital finally confirmed that Plaintiff's bill had in fact been paid. Id. at ¶¶ 31, 63. Plaintiff's relief was short-lived, however. See id. at ¶ 65. Shortly thereafter, Defendants sued Plaintiff for an outstanding 2004 debt, overwhelming her again. Id. at ¶¶ 63–64.

On November 8, 2011, Plaintiff filed suit in this Court alleging violations of the FDCPA. Id. at ¶¶ 76–78. She alleged respondeat superior liability on the part of each of the Defendants. Id. at ¶¶ 68–75.

## II. DISCUSSION

The Court considers first whether the individual Defendants can be liable under the FDCPA absent any allegation that they were "'personally involved' in the collection of the debt at issue" or that the corporate veil should be pierced. Because the Court joins its sister courts in concluding that officers may be held personally liable on a showing that "they (1) materially participated in collecting the debt at issue; (2) exercised control over the affairs of the business; (3) were personally involved in the collection of the debt at issue, or (4) were regularly engaged, directly or indirectly, in the

---

[2] Plaintiff also alleges that Defendants' agents unnecessarily called her father, as well as other family and friends. Complaint (Dkt. # 1) at ¶¶ 40–43. The Court cannot infer from Plaintiff's Complaint, however, when these communications occurred. See id.

[3] The Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992. 998 (9th Cir. 2010).

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 3

collection of debts," Smith v. Levine Leichtman Capital Partners, Inc., 723 F. Supp. 2d 1205, 1214 (N.D. Cal. 2010), it further considers whether Plaintiff has pleaded sufficient facts to allege a plausible claim.

**A. Standard for Corporate Officer Liability**

There are currently two dueling theories for corporate officer liability under the FDCPA. As detailed in Schwarm, "the Seventh Circuit has held that, regardless of an individual's personal involvement with the corporation's debt collecting activities, a shareholder or officer of a debt collecting corporation cannot be personally liable unless the plaintiff pierces the corporate veil." Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1071 (E.D. Cal. 2008). In contrast, "the Sixth Circuit and most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." Id. at 1070.

The Ninth Circuit has yet to address the issue. Id. at 1071. District courts in the circuit have, however. All "have concluded that employees can be held personally liable under the FDCPA' without piercing the corporate veil." Levine Leichtman, 723 F. Supp. 2d at 1214; e.g., Schwarm, 552 F. Supp. 2d at 1071–72.

Schwarm is particularly well-reasoned. There, the court distinguished the Seventh Circuit's approach based on its heavy reliance on Title VII jurisprudence. Schwarm, 552 F. Supp. 2d at 1071–72 ("Contrary to the Seventh Circuit's reasoning, therefore, Congress' conspicuous inclusion of 'any person' in the FDCPA and exclusion of such language from Title VII strengthens the conclusion that Congress intended that 'any person' could be liable under the FDCPA regardless of the protections state corporate law affords."). It explained instead that "FDCPA's broad language" is more consistent with that of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 6901–9675, which "also defines 'owner or operator' to include 'any person' and defines 'person' to include 'an individual.'" Id. at 1072 (citation omitted). And it noted that "every circuit court that

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 4

has addressed the issue has held that CERCLA imposes personal liability on shareholders, officers, and directors without requiring a plaintiff to pierce the corporate veil." Id. (citation omitted). It thus concluded:

> Therefore, consistent with the district courts in this circuit that have addressed personal liability under the FDCPA and precedent addressing personal liability under CERCLA, this court concludes that a shareholder, officer, or director of a debt-collecting corporation may be held personally liable for FDCPA violations regardless of whether the plaintiff can pierce the corporate veil.

Id.

Schwarm's rationale is convincing. Accordingly, this Court also concludes that an individual officer may be "personally liable if the individual 1) materially participated in collecting the debt at issue; 2) exercise[d] control over the affairs of [the] business; 3) was personally involved in the collection of the debt at issue; or 4) was regularly engaged, directly and indirectly, in the collection of debts." Id. at 1073 (citations and internal quotation marks omitted) (citing Del Campo v. Kennedy, 491 F. Supp. 2d 891, 903 (N.D. Cal. 2006); Brink v. First Credit Res., 57 F. Supp. 2d 848, 862 (D. Ariz. 1999); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320, 1337 (D. Utah 1997)); accord Levine Leichtman, 723 F. Supp. 2d at 1214; see also Schwarm, 552 F. Supp. 2d at 1073 ("Nonetheless, because the FDCPA imposes personal, not derivative, liability, serving as a shareholder, officer, or director of a debt collecting corporation is not, in itself, sufficient to hold an individual liable as a 'debt collector.' Regardless of the employee's rank within the company, § 1692a(6) requires that the individual 'regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' 15 U.S.C. § 1692a(6).").

**B. Sufficiency of the Allegations**

Defendants contest only whether Plaintiff has pleaded sufficient facts to assert a FDCPA claim against them individually. Accordingly, the Court presumes that the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 5

[against Defendant Merchant] that is plausible on its face,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570), and considers only whether Plaintiff has alleged sufficient facts to render it plausible that the individual Defendants "1) materially participated in collecting the debt at issue; 2) exercise[d] control over the affairs of [the] business; 3) w[ere] personally involved in the collection of the debt at issue; or 4) w[ere] regularly engaged, directly and indirectly, in the collection of debts." Schwarm, 552 F. Supp. 2d at 1073 (citations and internal quotation marks omitted). The Court concludes that she did.

In her complaint, Plaintiff asserts that Defendant David Quigley is the president of Defendant Merchant and that Defendant Sofia Quigley is its vice-president. Complaint (Dkt. # 1) at ¶¶ 20–21. She states that Defendant Merchants acts under each of their control, id. at ¶¶ 22–23, and further alleges that each of Merchant's employees acted under the "direct supervision . . . and direct control of the Defendants at all times" relevant to circumstances of this case, id. at ¶¶ 72–73.

Admittedly, these facts are sparse. Plaintiff openly concedes that she infers from the individual Defendants' positions with Merchants that they are responsible for setting its policies and controlling its affairs. See Resp. (Dkt. # 14) at 8–9. However, under the circumstances, the Court thinks that inference is reasonable enough. See Twombly, 550 U.S. at 556 ("Asking for plausible grounds to infer . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the required] evidence . . . ."); see also Schwarm, 552 F. Supp. 2d at 1071–72 (noting that because the company's "collection activities . . . were its sole source of income, therefore, as a director and president, the only profit-generating activity [the company's CEO] oversaw was collecting debts"); Albanese v. Portnoff Law Assocs., Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004) ("[T]he President . . . whose duties include supervising the staff and the overall

operations of the firm, occupies the precise position that the <u>Pollice</u> court held was exposed to individual FDCPA liability . . . .").

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES Defendants' motion.

DATED this 22nd day of February, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS - 7