UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA L. SMYTH,

    Plaintiff,

    v.

MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,

    Defendants.

Case No. C11-1879RSL

ORDER DENYING MOTION TO COMPEL AND GRANTING MOTION TO CONTINUE DISCOVERY CUTOFF

    This matter comes before the Court on Plaintiff's "Motion to Compel Discovery Responses and to Reset Discovery Schedule" (Dkt. # 37). Because plaintiff did not make a good faith effort to confer with defendant regarding this discovery dispute before filing her motion, her motion to compel is DENIED.

    The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rules would have involved face-to-face or telephonic communications regarding the particular deficiencies plaintiff perceived in defendant's discovery responses.

    Four months ago, plaintiff served her first interrogatories and requests for production on

ORDER DENYING MOTION TO
COMPEL AND GRANTING MOTION
TO CONTINUE DISCOVERY

defendants. Plaintiff received defendants' responses in late August and early September 2012. Since that time, counsel have discussed discovery twice. However, there is no evidence that the parties had face-to-face or telephone discussions regarding anything other than a confidentiality agreement. There is no indication that plaintiff identified particular discovery requests or deficiencies during those conversations or made any other attempts to meet and confer with defendants. The absence of such evidence suggests that plaintiff has not satisfied her obligation under Rule 37(a)(1) or Local Rule 37(a)(1)(A).

Defendants' response to plaintiff's motion to compel, combined with plaintiff's reply, support this finding. Defendants request, and plaintiff agrees that "[a] continuance [of the motion to compel] would also allow Plaintiff to review the additional documents produced today, and give the parties time to narrow the issues still pending before the Court." Response (Dkt. # 45) at 2; Reply (Dkt. #47) at 1.

A good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. This did not happen. As is clear from the memoranda, the positions of the parties were unknown when plaintiff filed her motion, a sure sign that the requirements of Rule 37(a) have not been satisfied. Furthermore, Defendant Merchants has continued to produce documents since the filing of this motion. Response at 2-3. Because the parties agree that they are continuing to discuss discovery concerns and they will work together "to narrow the issues still pending before the Court," the Court finds that the parties have not reached impasse and therefore, this motion to compel is premature. As the memoranda and declarations suggest, additional discussion and negotiation may enable the parties to resolve this dispute without Court intervention.

In plaintiff's motion, she requests a three month extension of the discovery cutoff. Motion at 2. In response, defendant also seeks to extend the discovery cutoff. Response at 2. The Court GRANTS the request for an extension of the discovery cutoff and extends the

ORDER DENYING MOTION TO
COMPEL AND GRANTING MOTION
TO CONTINUE DISCOVERY                -2-

1  discovery deadline until February 3, 2013.  Based on this extension, the Court continues the trial
2  date until June 3, 2013.

4  For all of the foregoing reasons, plaintiff's motion to compel (Dkt. # 37) is
5  DENIED for failure to comply with Rule 37(a).  Plaintiff's request to continue the discovery
6  cutoff is GRANTED.

8  Dated this 16th day of November, 2012.

*MWS Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
COMPEL AND GRANTING MOTION
TO CONTINUE DISCOVERY                     -3-