UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA L. SMYTH,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,<br><br>    Defendants. | Case No. C11-1879RSL<br><br>ORDER DENYING MOTION FOR MEDIATION AND DENYING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendants Merchants Credit Corporation's ("Merchants"), David Quigley's and Sofia Quigley's ("Defendants") "Request for Order Directing Plaintiff to Participate in Mediation by April 15, 2013," Dkt. # 53, and Merchants' "Objection to Request for Inspection and Motion for Protective Order," Dkt. # 55. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## I. BACKGROUND

This is a Fair Debt Collections Practices Act action in which Plaintiff alleges that she received harassing telephone calls and letters from Merchants in its attempt to collect payment from Plaintiff related to medical bills. Dkt. # 21 ¶¶ 24-67.

The parties have engaged in informal settlement discussions, but have not participated in

ORDER DENYING MOTION FOR
MEDIATION AND DENYING MOTION
FOR PROTECTIVE ORDER

mediation with a third-party neutral. Dkt. # 53 at 2-3; see Dkt # 58 at 1-4. Defendants contend that "Plaintiff has not cooperated" in scheduling mediation and instead continues to propound discovery, including a request to inspect Merchants' offices pursuant to Rule 34 of the Federal Rules of Civil Procedure. Dkt. # 53 at 3. In response to Plaintiff's request, Merchants filed a motion for protective order. Dkt. # 55. Merchants did not discuss its objections to the request with Plaintiff before filing its motion. Dkt. # 60; see Dkt # 55.

In addition to seeking a protective order, Defendants request an order compelling Plaintiff to participate in mediation with a third-party neutral. Dkt. # 53 at 3. Plaintiff agrees to participate in mediation with a mediator, but asks the Court to refer this case to a Magistrate Judge to conduct the mediation and to extend the discovery cut-off from May 15, 2013, to June 30, 2013. Dkt. # 58 at 3-4.

## II. DISCUSSION

### A. Motion to Compel Mediation

All of the parties represent that they intend to pursue mediation with a third-party neutral. Dkt. # 53 at 3; Dkt. #58 at 3-4. The Court supports this plan, but declines to enter an order compelling the parties to participate in mediation. Therefore, the Court DENIES Defendants' motion for an order directing Plaintiff to participate in mediation (Dkt. # 53). The Court also DENIES Plaintiff's request to refer the case to a Magistrate Judge for mediation. As the Court explained in the Amended Case Management Order, Dkt. # 52 at 1 n.1, the parties need to attempt in good faith to resolve this case through the process set forth in Local Civil Rule 39.1 before the Court will consider asking a Magistrate Judge to conduct mediation.

### B. Motion for Protective Order

Merchants did not make a good faith effort to confer with Plaintiff regarding this discovery dispute before filing its motion. The conference requirements of Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 26(c) are imposed for the benefit of both

ORDER DENYING MOTION FOR
MEDIATION AND DENYING MOTION
FOR PROTECTIVE ORDER                -2-

1 the Court and the parties and are intended to ensure that only genuine disagreements are brought
2 before the Court. In the circumstances presented here, compliance with these rules would have
3 involved face-to-face or telephonic communications regarding Merchants' objections to
4 Plaintiff's request to inspect Merchants' offices. There is no indication that Merchants discussed
5 its objections to Plaintiff's request with Plaintiff. The absence of such evidence and Plaintiff's
6 counsel's statement that no meaningful discussion of these issues took place before the motion
7 was filed suggest that Merchants has not satisfied its obligations under Rule 26(c)(1) and Local
8 Civil Rule 26(c)(1). Thus, Merchants' motion for protective order is DENIED. Merchants and
9 Plaintiff are hereby ordered to meet and confer regarding Merchants' objections to Plaintiff's
10 request to inspect Merchants' offices and to attempt to resolve any remaining discovery disputes
11 without Court intervention.

**C. Request to Continue Discovery Completion Deadline**

In light of the parties' interest in pursuing mediation at this time and the fast approaching discovery and dispositive motions deadlines, the Court finds that an extension of the discovery cut-off is appropriate. An extension is also necessary to allow the parties sufficient time to comply with the Court's Order requiring the parties to meet and confer. Plaintiff's request for a continuance is therefore, GRANTED. The discovery deadline is continued until June 30, 2013. Based on this extension, the Court continues the trial date to December 2, 2013. The Court will issue a separate Amended Case Management Order.

### III. CONCLUSION

For all of the foregoing reasons, Defendants' motion for an order requiring Plaintiff to participate in mediation (Dkt. # 53) is DENIED. Merchants' motion for protective order (Dkt. # 55) is DENIED. The discovery cut-off date is continued to June 30, 2013, and trial is continued to December 2, 2013.

ORDER DENYING MOTION FOR
MEDIATION AND DENYING MOTION
FOR PROTECTIVE ORDER                -3-

1   Dated this 9th day of May, 2013.

2

3

4   /s/ Robert S. Lasnik
    Robert S. Lasnik
5   United States District Judge

26  ORDER DENYING MOTION FOR
    MEDIATION AND DENYING MOTION
    FOR PROTECTIVE ORDER                    -4-