UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA L. SMYTH,<br><br>    Plaintiff,<br><br>  v.<br><br>MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,<br><br>    Defendants. | Case No. C11-1879RSL<br><br>ORDER DENYING MOTION FOR ESI ORDER |

This matter comes before the Court on Plaintiff's "Motion to Enter ESI Order and Set Deadline" (Dkt. # 66). Plaintiff seeks an order governing the production of electronically stored information ("ESI") based on the Court's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation ("Model ESI Agreement"), as well as an order compelling Defendants to produce the information identified in the Model ESI Agreement within seven days following entry of the Court's Order.

Having considered Plaintiff's motion, Defendants' response, and the remainder of the record, the Court finds as follows:

(1) This motion appears to arise out of Defendants' alleged failure to produce ESI in response to Plaintiff's discovery requests. Dkt. # 66 at 1-2. The Court therefore construes Plaintiff's motion as a motion to compel.

(2) As this Court has previously informed Plaintiff, the meet and confer requirements of

ORDER DENYING MOTION FOR ESI ORDER

Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1)(A) are imposed for the benefit of the Court and the parties. Dkt. # 49 (order denying motion to compel for failure to meet and confer). Although the parties discussed discovery concerns generally in May 2013, dkt. # 66 at 2, there is no suggestion that the parties reached impasse on any particular discovery request before Plaintiff filed this motion. Moreover, Plaintiff fails to identify any particular discovery request that remains outstanding. Rather, Plaintiff acknowledges that during the recent discovery conference, Defendants "promised that they would supplement their discovery responses." Dkt. # 66 at 2. Similarly, Defendants contend that they were about to provide a supplemental production of documents in searchable .pdf format when Plaintiff filed her motion. Dkt. # 71 at 2. Plaintiff did not respond to Defendants' opposition, and thus, it remains unclear to the Court whether Defendants in fact supplemented their discovery responses and if so, whether that supplementation cured Plaintiff's concerns.

(3) Based on the information provided by the parties, the Court finds that the parties did not meet and confer as required by the Rules prior to filing this motion. Parties must meet and confer to an impasse after all of the documents and supplemental responses have been exchanged to enable the parties and the Court to determine the final positions of the parties regarding particular discovery requests.

(4) With respect to the proposed ESI Order, Plaintiff explains that during the parties' discovery conference, "[t]he issue of an ESI order was raised . . . Defendants' attorney was equivocal . . . [and] Defendants have been aware of the ESI issue form the beginning of the case." Dkt. # 66 at 2. Again, however, Plaintiff fails to suggest that the parties reached impasse regarding anything in the proposed order regarding ESI. Id. Moreover, Plaintiff provides no reason why an ESI order is necessary this late in the case, as neither party has moved to continue the discovery deadline, which was June 30, 2013, or sought to compel specific electronic discovery.

1     For all of the foregoing reasons, Plaintiff's motion for an order regarding ESI (Dkt. # 66)
2 is DENIED.

3     DATED this 10th day of September, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR ESI ORDER    -3-