UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA L. SMYTH,

    Plaintiff,

    v.

MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,

    Defendants.

Case No. C11-1879RSL

ORDER GRANTING MOTION TO QUASH SUBPOENA AND DENYING MOTION TO COMPEL

This matter comes before the Court on Movant PeaceHealth Medical Group's ("PeaceHealth") "Motion to Quash Non-Party Subpoena to Testify at a Deposition in a Civil Action and for Protective Order" (Dkt. # 63). PeaceHealth, a non-party, asks the Court to quash Plaintiff's most recent subpoena duces tecum. PeaceHealth contends that compliance with the subpoena would require PeaceHealth representatives to travel more than 100 miles to testify, and the descriptions of the testimony and documents sought are vague, overly broad, and unduly burdensome. Having considered PeaceHealth's motion and supporting documents, Plaintiff's response and supporting documents, and the remainder of the records, the Court finds as follows:[1]

## I. BACKGROUND

---

[1] The Court finds that this matter can be decided on the papers submitted. Plaintiff's request for oral argument is therefore DENIED.

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL

This case arises out of a debt Plaintiff at one time owed PeaceHealth and the allegedly harassing phone calls made by Defendant Merchants Credit Corporation ("Merchants") to collect that debt. Dkt. # 21 ¶¶ 24- 49. PeaceHealth previously produced documents related to Plaintiff's accounts in August 2012 in response to an earlier subpoena. Dkt. # 70-4 at 1-26; Dkt. # 70-9 at 1-19.

Dissatisfied with this production, Plaintiff served another subpoena on PeaceHealth on or about April 26, 2013, at its main campus in Vancouver, Washington. Dkt. # 70 ¶ 11; Dkt. # 70-11 at 1. The most recent subpoena commands PeaceHealth to produce all documents previously produced as hard copies again "in metadata format," plus "all e-mails, faxes, or other type of documents" that are referenced in the documents previously produced. Dkt. # 70-11 at 4. The subpoena instructs PeaceHealth to produce this second set of documents as hard copies and "in metadata format." Id.

In addition, the subpoena requests the appearance of two PeaceHealth corporate representatives for depositions at Plaintiff's counsel's office in Bellingham, Washington. Id. at - 5. The first representative must be a person who can explain the documents previously produced by PeaceHealth and testify about its organization and standard operating procedures. The second representative should be an individual responsible for PeaceHealth's electronically stored information ("ESI") who has knowledge of the company's document retention system and how the documents previously produced were identified in the system. Id. at 5.

PeaceHealth filed its motion to quash and for protective order on May 10, 2013, four days before the date set for the depositions and document production. Dkt. # 63; Dkt. # 70-12. PeaceHealth's written objections were therefore timely under Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"). Fed. R. Civ. P. 45(c)(2)(B). In her response to PeaceHealth's motion, Plaintiff seeks an order compelling PeaceHealth to comply with the subpoena. Dkt. # 69.

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL                -2-

## II. DISCUSSION

Rule 45 governs the process of seeking discovery from a non-party by subpoena. Fed. R. Civ. P. 45. It allows a party to request a non-party to testify at a deposition or trial and/or to produce designated documents and ESI. Fed. R. Civ. P. 45(a)(1)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970). Under Rule 34, the rule governing the production of documents between parties, the proper scope is that specified in Rule 26. Fed. R. Civ. P. 34(a).

Rule 26 limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26, the Court must limit the extent of discovery if it determines that the discovery sought is unreasonably duplicative, can be obtained from some other more convenient source, or if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

With respect to a subpoena duces tecum, the Court must quash or modify a subpoena if, among other things, it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person," or if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(ii), (iv). "Underlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.' " Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980)).

**A. Subpoena for Deposition Testimony**

PeaceHealth argues that the subpoena for testimony must be quashed because compliance

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL              -3-

1   with the subpoena would require two PeaceHealth corporate representatives to travel more than
2   100 miles for depositions at Plaintiff's counsel's office, the designated place for the depositions.[2]
3   Dkt. # 64 at 4.  Plaintiff does not dispute that PeaceHealth's corporate offices are in Vancouver,
4   as Plaintiff served PeaceHealth with the subpoena at that location.  See Dkt. # 70-11.  Instead,
5   Plaintiff argues that in light of the number of PeaceHealth employees working in Bellingham,
6   there must be PeaceHealth employees located in Bellingham who are qualified to testify on
7   PeaceHealth's behalf about the matters identified in the subpoena.  Dkt. # 69 at 4.  To support
8   this contention, Plaintiff points to the fact that some of the documents produced by PeaceHealth
9   came from its Bellingham office.  This argument is not persuasive.

10   Rule 30(b)(6)[3] and Rule 45 authorize an organization named as a deponent to select the
11   appropriate officer or agent to testify on its behalf.  Fed. R. Civ. P. 30(b)(6); see Fed. R. Civ. P.
12   45.  Consistent with this approach, the subpoena served on PeaceHealth requires PeaceHealth,
13   not Plaintiff, to "designate one or more officers, directors, or managing agents," or other persons
14   who consent to testify on its behalf about the matters identified in the subpoena.  Dkt. # 70-11 at
15   1.  Plaintiff did not name a particular officer or agent in the subpoena.  Thus, her argument that
16   PeaceHealth should be required to select a speaking agent from its Bellingham office rather than
17   its corporate office is not convincing.

---

[2] In an attempt to comply with the subpoena, PeaceHealth requested that Plaintiff's counsel conduct the depositions in Vancouver, but Plaintiff's counsel refused to agree to that location. Dkt. # 70 ¶¶ 13-14.

[3] Rule 30(b)(6) provides that when a party names a corporation, partnership, association, governmental entity or other entity as the deponent in a subpoena, the organization must designate one or more corporate officers or representatives to testify on its behalf regarding the matters identified in the subpoena. Fed. R. Civ. P. 30(b)(6).

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL             -4-

**B. Subpoena Commanding the Production of Documents**

PeaceHealth contends that the document requests are "vague, ambiguous, overly broad, unduly burdensome, harassing, and seek irrelevant documents." Dkt. # 64 at 5. PeaceHealth specifically objects to the requests because they seek duplicate production of material. Id. at 6. In response, Plaintiff argues that the information it seeks is discoverable and that PeaceHealth has waived any objections to producing documents in native form because PeaceHealth failed to timely object to the earlier two subpoenas, which also requested electronic documents in native form. Dkt. # 69 at 1-2.

Rule 34 provides that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms" and "[a] party need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(ii)-(iii).

Consistent with these rules, PeaceHealth produced hard copies of documents in response to Plaintiff's first subpoena. Dkt. # 70-5; Dkt. # 70-6. Despite Plaintiff's statement to the contrary, her first subpoena duces tecum did not specify a preferred form of production. Dkt. # 70-3 at 1-5. In fact, Plaintiff did not seek production in native format until after PeaceHealth had produced all of the responsive documents in its possession. Dkt. # 70-6; Dkt. #70-7. Because the rules of discovery do not require duplicate production of documents, PeaceHealth is not required to re-produce documents previously made available to Plaintiff.

Furthermore, Plaintiff's assertion that PeaceHealth is withholding responsive documents is generally unsupported. Plaintiff's most recent subpoena stems from the fact that the documents produced by PeaceHealth "refer to names that Merchants has not listed in its discovery responses" and "e-mails and other documents which neither [PeaceHealth] nor Merchants has produced in response to the two Subpoenas Duces Tecum nor in Merchants' discovery responses." Dkt. # 70 ¶ 10. However, Plaintiff has not provided any evidence that

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL   -5-

1 PeaceHealth is withholding these documents or that these are within PeaceHealth's custody or
2 control. On the contrary, PeaceHealth informed Plaintiff that it produced all responsive
3 documents in September 2012, dkt. # 70-6; dkt. # 70-10, and Plaintiff has not produced evidence
4 suggesting otherwise. Based on this record, the Court finds that it would be an undue burden to
5 require PeaceHealth to comply with Plaintiff's April 2013 subpoena duces tecum requesting
6 documents.

**C. Plaintiff's Motion to Compel**

Under Local Civil Rule 7(k), "[a] party filing a cross motion must note it in accordance with local rules." LCR 7(k). Here, Plaintiff's response to PeaceHealth's motion to quash includes a cross motion to compel PeaceHealth to comply with the subpoena, but Plaintiff failed to file her cross motion or note it according to the local rules. Dkt. # 69 at 1. As Plaintiff's cross motion does not comply with the local rules, it is DENIED.

### III. CONCLUSION

For all of the foregoing reasons, PeaceHealth's motion to quash (Dkt. # 63) is GRANTED and Plaintiff's motion to compel (Dkt. # 69) is DENIED.

DATED this 16th day of September, 2013.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO QUASH AND
DENYING MOTION TO COMPEL        -6-