UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONNA L. SMYTH,

    Plaintiff,

    v.

MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,

    Defendants.

Case No. C11-1879RSL

ORDER GRANTING DEFENDANT SOFIA QUIGLEY'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Sofia Quigley's "Motion for Summary Judgment" (Dkt. # 75). Defendant seeks summary dismissal of all claims against her because she is not a debt collector and was not involved in any of the efforts to collect the underlying debt from Plaintiff. Plaintiff has not responded to Defendant's motion. Having considered the facts set forth in Defendant's motion, the supporting documents, and the remainder of the record, the Court finds the following:

This is a Fair Debt Collections Practices Act ("FDCPA") action in which Plaintiff alleges that she received harassing telephone calls and letters from Merchants Credit Corporation ("Merchants") in its attempt to collect payment on a debt from Plaintiff related to medical bills. Dkt. # 21 ¶¶ 24-67. Ms. Quigley is the vice president of Merchants, but she holds that position by name only. She does not and has not for the past five years managed the business, supervised employees, or been involved in any efforts to collect a debt. Dkt. # 76 at 8, 12. David Quigley,

ORDER GRANTING SUMMARY JUDGMENT

the owner and president of Merchants, named Ms. Quigley vice president because she is his wife. Id. at 8.  It is undisputed that Ms. Quigley does not qualify as a debt collector for purposes of the FDCPA.  15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); cf. Cruz v. Int'l Collection Corp., 673 F.3d 991, 999 (9th Cir. 2012).  Additionally, it is undisputed that Ms. Quigley was not personally involved in any effort to collect a debt from Plaintiff.  Dkt. # 76 at 12.

Applying the Ninth Circuit's two part test for individual liability under the FDCPA, the Court finds that Ms. Quigley cannot be held liable under the FDCPA for any efforts by Merchants to collect a debt from Plaintiff.  Cruz, 673 F.3d at 999-1000.  The Court therefore GRANTS Defendant's motion for summary judgment.

For all of the foregoing reasons, Defendant's motion for summary judgment (Dkt. # 75) is GRANTED.

DATED this 25th day of October, 2013.

Robert S. Lasnik
United States District Judge