UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA L. SMYTH,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,<br><br>    Defendants. | Case No. C11-1879RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CONTINUANCE AND FOR APPOINTMENT OF SETTLEMENT JUDGE |

This matter comes before the Court on the parties' "Joint Motion for Trial Continuance and Request for Settlement Judge" Dkt. # 80. Plaintiff Donna Smyth and Defendants Merchants Credit Corporation and David Quigley (collectively "Defendants")[1] seek a thirty-day continuance of the trial date and remaining pre-trial deadlines to allow them additional time to participate in mediation. They also seek the appointment of a settlement judge to conduct the mediation. Having reviewed the parties' motion and the remainder of the record, the Court finds as follows:

The Court supports the use of alternative dispute resolution procedures to resolve the above-captioned matter and therefore, GRANTS the motion to continue the trial date and

---

[1] The Court granted Defendant Sofia Quigley's motion for summary judgment on October 25, 2013. Dkt. # 79.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CONTINUANCE AND
FOR APPOINTMENT OF SETTLEMENT JUDGE

remaining deadlines (Dkt. # 80).  The Court continues the trial date to January 6, 2014.  The Court will issue a separate Amended Case Management Order setting the new trial date and remaining deadlines.

The Court however declines to refer this case to a Magistrate Judge to conduct a settlement conference.  As the Court explained in its Order denying Plaintiff's earlier request for similar relief, the parties need to attempt to resolve this case through the process set forth in Local Civil Rule ("Local Rule") 39.1 before the Court will consider asking a Magistrate Judge to conduct mediation.  Although this rule permits the Court to appoint a settlement judgment to conduct a settlement conference, the rule expressly provides that "a judicial settlement conference will only be held in a case where the parties have already participated in mediation, but have been unable to reach a settlement."  LCR 39.1(e).

Here, the parties have not participated in mediation and appear to seek the appointment of a settlement judge merely due to the cost of private mediation.  While the Court is mindful of the expense of private mediators, financial constraints do not justify the appointment of a settlement judge, particularly in light of the affordable options provided by this district.  For example, Local Rule 39.1 provides an opportunity for the parties to pursue the services of an attorney neutral from the Court's register of qualified attorneys who have agreed to serve as neutrals under the rule.  LCR 39.1(b), (c).  Additionally, Local Rule 39.1 provides that "[a] party, or the parties jointly, may request pro bono (free of charge) mediation.  To do so, parties may complete and sign the Request for Mediation Without Charge form, available from the Clerk's Office and on the court's website."  LCR 39.1(c)(4).  Because the parties have not participated in mediation or pursued any other cost-effective opportunities for mediation, the Court DENIES the parties' motion for the appointment of a settlement judge.

For all of the foregoing reasons, the parties' agreed motion for trial continuance and the

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CONTINUANCE AND
FOR APPOINTMENT OF SETTLEMENT JUDGE   -2-

1 appointment of a settlement judge (Dkt. # 80) is GRANTED IN PART and DENIED IN PART.
2 Trial is hereby continued to January 6, 2014. The Court will issue a separate Amended Case
3 Management Order. The parties' motion for the appointment of a settlement judge is DENIED.

Dated this 7th day of November, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR CONTINUANCE AND
FOR APPOINTMENT OF SETTLEMENT JUDGE   -3-