UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA L. SMYTH,<br><br>        Plaintiff,<br><br>   v.<br><br>MERCHANTS CREDIT CORPORATION, a Washington State corporation, and DAVID and SOFIA QUIGLEY,<br><br>        Defendants. | Case No. C11-1879RSL<br><br>ORDER GRANTING MOTION FOR SANCTIONS |

This matter comes before the Court on "Merchants Credit's Motions for Sanctions," dkt. # 135.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record, the Court finds as follows:

## I. BACKGROUND

Plaintiff Donna Smyth filed this Fair Debt Collection Practices Act ("FDCPA") action on November 8, 2011.  Compl. (Dkt. # 1).  In her amended complaint, Plaintiff alleged that Defendants Merchants Credit Corporation ("Merchants"), David Quigley, the President of Merchants, and his wife, Sofia Quigley, Merchants' Vice President, violated various provisions of the FDCPA in Merchants' attempt to collect payment on a debt from Plaintiff related to medical bills.  Am. Compl. (Dkt. # 21) ¶¶ 24-67.  In October 2013, the Court granted Ms. Quigley's unopposed motion for summary judgment and dismissed Plaintiff's claim against her

ORDER GRANTING MOTION
FOR SANCTIONS

1  individually.  Order (Dkt. # 79).

2  Following several continuances, trial was scheduled for March 31, 2014.  Order (Dkt. # 91).  On March 19, 2014, the deadline for the parties to submit their agreed pretrial order, Merchants and Mr. Quigley (collectively "Defendants") filed a status report summarizing Plaintiff's counsel's failure to participate in trial preparations.  Status Report (Dkt. # 104).  Despite Defendants' counsel's multiple attempts to engage in a conference regarding the pretrial order, Plaintiff's counsel did not communicate with Defendants' counsel until the day before the deadline and even then did not provide a list of potential witnesses and exhibits.  Decl. of Kimberlee Walker Olsen in Supp. of Status Report ("Status Report Decl.") (Dkt. # 105) ¶¶ 2-3, Ex. 1, Ex. 2.  Plaintiff's counsel provided a list of witnesses on March 21, 2014.  Decl. of Kimberlee Walker Olsen in Supp. of Mot. ("Olsen Decl.") (Dkt. # 136) ¶ 3.  Based on this late disclosure, Defendants' counsel sought the transcript of Steve Sexton, Plaintiff's former co-worker, on an expedited basis.  Id.  Plaintiff's counsel neglected to engage in discussions regarding the admissibility of exhibits before trial and thus, Defendants filed a supplemental motion *in limine* seeking an order allowing two records custodians to testify at trial via telephone because both witnesses live and work more than 100 miles away.  Mot. in Limine (Dkt. # 115).  The day before trial, Plaintiff's counsel filed and served a list of trial exhibits and a proposed pretrial order.  Plaintiff's counsel did not file a trial brief.

The case proceeded to trial on March 31, 2014.  During trial, counsel for Plaintiff stipulated to the admissibility of the third-party documents.  Thus, the records custodians did not testify in person or by telephone.  After the close of Plaintiff's case, the Court granted Mr. Quigley's motion for judgment as a matter of law.  Minute Entry (Dkt. # 125).  The following day, the jury returned a verdict for Merchants and judgment was entered accordingly.  Jury Verdict (Dkt. # 131); Judgment (Dkt. # 132).  Merchants now seeks to impose sanctions against Plaintiff's counsel under Local Civil Rules ("LCR") 11 and 16, and 28 U.S.C. § 1927, based on

counsel's failure to participate in trial preparations and failure to comply with the deadlines set forth in LCR 16 and the Court's amended scheduling order.

## II. DISCUSSION

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Because § 1927 authorizes sanctions for the multiplication of proceedings, it applies only to unnecessary filings and tactics that occur after the complaint is filed: the statute does not apply to the initial pleading. See Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986). In addition, an award of fees under the statute requires a finding of subjective bad faith. New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." In re Keegan Mgmt. Co., 78 F.3d 431, 436 (9th Cir. 1996).

Although the statute sets a high threshold before a party will be required to reimburse its opponent for a portion of its expenses, the Court finds that Plaintiff's counsel's dilatory conduct was unreasonable and multiplied the proceedings unnecessarily. Apparently aware of his shortcomings leading up to trial in this matter, Plaintiff's counsel admits that "as a professional, he has an obligation to do better and he will." Response (Dkt. # 141) at 1. He concedes that his failure to provide opposing counsel with a proposed pretrial order in a timely manner caused Merchants to incur an unnecessary cost to obtain a transcript of Mr. Sexton's deposition before

ORDER GRANTING MOTION
FOR SANCTIONS                                -3-

trial. Id. at 2. Of greater concern to the Court, however, is Plaintiff's counsel's failure to communicate with Merchants' counsel until less than two weeks before trial. When he finally did provide a draft proposed pretrial order on March 19, 2014, it was completely devoid of substance. Status Report Decl., Ex. 2 (Dkt. # 105-2). It did not contain a statement of Plaintiff's claims, a list of witnesses who might be called by Plaintiff and the nature of the expected testimony of each witness, or a list of exhibits that would be offered at trial. Id. As Plaintiff's counsel acknowledged at the time he gave it to Merchants' counsel, "[i]t needs a lot of work." Id. at 2. The only information in the proposed pretrial statement consisted of boilerplate language, proving unhelpful for Merchants' trial preparation.

In addition, Plaintiff's counsel's delayed disclosure of exhibits and refusal to discuss the admissibility of exhibits forced Merchants to incur unnecessary fees to ensure the records custodians would be available and permitted to testify. See Olsen Decl. ¶ 5. Absent any indication regarding Plaintiff's willingness to stipulate to the admissibility of certain business records, Merchants was forced to issue subpoenas and seek alternative means for the records custodians to testify at trial. Although Plaintiff's counsel now argues that "[i]t is impossible to cross-examine a document," response (dkt. # 141), he still has not articulated any reason, let alone a justifiable reason, for failing to communicate and cooperate with Merchants' counsel leading up to trial. Moreover, Plaintiff never submitted a trial brief, further hindering Merchants' (and the Court's) trial preparation. Plaintiff's repeated failure to comply with the letter and spirit of the Court's local rules and the Court's amended scheduling order amounts to reckless conduct that Section 1927 seeks to deter. Because these additional expenses were unnecessary and the direct result of Plaintiff's counsel's actions (or lack thereof), the Court finds the imposition of sanctions warranted.

The same conduct that gives rise to a violation of § 1927 is also sanctionable under LCR 11(c): any party or attorney "who without just cause fails to comply with any of the Federal

ORDER GRANTING MOTION
FOR SANCTIONS                    -4-

1  Rules of Civil . . . Procedure, these rules, or an order of the court . . . or who otherwise multiplies
2  or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties
3  provided elsewhere in these rules, be required by the court to satisfy personally such excess costs
4  and may be subject to such other sanctions as the court may deem appropriate." LCR 16
5  specifically authorizes the Court to impose sanctions under LCR 11 for failure to comply with
6  the procedures and schedule set forth therein. LCR 16(m)(1).

7  Having determined that sanctions are appropriate in this case, the Court turns its attention
8  to the amount to be imposed. While "district courts enjoy much discretion in determining
9  whether and how much sanctions are appropriate," they "may not sanction an attorney for *more*
10 than the excess costs, expenses and fees incurred by the opposing party." Haynes v. City &
11 Cnty. of San Francisco, 688 F.3d 984, 987 (9th Cir. 2012) (emphasis in original) (internal
12 quotation marks and citations omitted). As explained above, the Court finds that Merchants was
13 forced to incur unnecessary expenses related to Mr. Sexton's deposition transcript and the
14 records custodians' testimony about the authenticity of certain business records. Plaintiff's
15 counsel's disclosure of exhibits and a supplemental proposed pretrial order the day before trial
16 required counsel for Merchants to give up much of her Sunday to give attention to matters that
17 were well overdue. Olsen Decl. ¶ 6. This conduct multiplied the proceedings unreasonably.
18 The Court finds that an award of $ 550 should be added to account for the additional costs
19 incurred related to these pretrial tasks undertaken the day before trial. See United States v.
20 Associated Convalescent Enterprises, Inc., 766 F.2d 1342, 1347-48 (9th Cir. 1985) ("Section
21 1927 authorizes the taxing of only excess costs incurred because of an attorney's unreasonable
22 conduct; it does not authorize the imposition of sanctions to reimburse a party for the ordinary
23 costs of trial.").

24 Having reviewed the records submitted in support of the motion for sanctions, the Court
25 finds that monetary sanctions in the total amount of $2,000 will be awarded under 28 U.S.C.
26

ORDER GRANTING MOTION
FOR SANCTIONS                            -5-

§ 1927, LCR 16(m), and LCR 11(c) to offset the excess costs caused by Plaintiff's counsel's failure to comply with the local rules governing pretrial procedures, to punish unacceptable behavior, and as a deterrent to future bad conduct. Plaintiff's counsel shall, within fourteen days of the date of this Order, pay $1,450 to Merchants through its attorney. The Court finds that Plaintiff is not responsible for her counsel's misconduct and therefore, Plaintiff is not responsible for any portion of the payment.

### III. CONCLUSION

For all of the foregoing reasons, Merchants' motion for sanctions is GRANTED.[1]

DATED this 15th day of May, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff, in her response to this motion, suggests that the Court should sanction defense counsel under 28 U.S.C. § 1927. Response (Dkt. # 141) at 2-3. This cross-motion, to the extent that it is procedurally appropriate, lacks merit and is, therefore, DENIED.